FILED
MAY 31 2007
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| CCS INDUSTRIAL SALES, INCORPORATED<br>3062 Highway 43 North<br>Picayune, Mississippi 39466-7848 | ) | |
| Plaintiff, | ) | 07-337 C |
| v. | ) | No. 07-<br>Judge |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## COMPLAINT ON AN EXPRESS CONTRACT CLAIM

### NATURE OF THE ACTION

1. Plaintiff CCS Industrial Sales, Incorporated, 3062 Highway 43 North, Picayune, Mississippi 39466-7848 (CCS Industrial Sales) files this Complaint in accordance with RCFC 7(a). Plaintiff CCS Industrial Sales seeks declaratory relief and a money judgment under the Contract Disputes Act, 41 U.S.C. § 609(a)(1), and under the Federal Courts Administration Act of 1992, 28 U.S.C. §§ 1491(a)(1), 1491(a)(2). Plaintiff CCS Industrial Sales challenges the Deemed Denial, under 41 U.S.C. § 605-

(c)(2), of a certified Claim for $1,519,696 by CCS Industrial Sales under an express Contract between CCS Industrial Sales and the South Central Veterans Affairs Health Care Network, United States Department of Veterans Affairs (Veterans Affairs), a certified Claim arising under Purchase Order Number 586-C6-0329 for remediation services delivered on behalf of Plaintiff CCS Industrial Sales at the former Veterans Affairs Medical Center, New Orleans, Louisiana.

2. Plaintiff CCS Industrial Sales asserts: (1) that Veterans Affairs is in breach of Veterans Affairs' obligations to CCS Industrial Sales under the *Payment* Clause of Purchase Order Number 586-C6-0329; (2) that to the extent Plaintiff CCS Industrial Sales' certified Claim is in excess of any funding limitations of Purchase Order Number 586-C6-0329, Veterans Affairs is obligated to recompense CCS Industrial Sales as on an implied-in-fact Contract for the reasonable value of the remediation services delivered on behalf of Plaintiff CCS Industrial Sales at the former Veterans Affairs Medical Center, *Urban Data Systems, Inc. v. United States*, 699 F.2d 1147, 1154-55 (Fed. Cir. 1983); and (3) that the reasonable value of these remediation services is not less than the agreed-upon prices reflected in Plaintiff CCS Industrial Sales' Invoices of September 13th, 2006, *Id.*, 699 F.2d, at 1155-56.

3. Plaintiff CCS Industrial Sales asks that the Court declare: (1) that Veterans Affairs is in material breach of its obligations to CCS Industrial Sales under the *Payment* Clause of Purchase Order Number 586-C6-0329; (2) that Veterans Affairs is obligated to recompense CCS Industrial Sales as on an implied-in-fact Contract for the reasonable value of the remediation services delivered on behalf of Plaintiff CCS Industrial Sales at the former Veterans Affairs Medical Center; and (3) that the reasonable value of the remediation services delivered on behalf of Plaintiff CCS Industrial Sales at the former Veterans Affairs Medical Center is not less than the agreed-upon prices reflected in CCS Industrial Sales' Invoices to Defendants.

4. By reason of these breaches of Purchase Order Number 586-C6-0329 Plaintiff CCS Industrial Sales seeks also an Award of money damages, these money damages based on the certified Claim of January 31st, 2007 for remediation services delivered on behalf of CCS Industrial Sales at the former Veterans Affairs Medical Center, and allowable interest under 41 U.S.C. § 611 on this sum Claimed by CCS Industrial Sales.

PARTIES

5. Plaintiff CCS Industrial Sales is a woman-owned for-profit Louisiana corporation started on June 1st, 1994. Plaintiff CCS Industrial Sales is a proper party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(B)(ii), i.e., CCS Industrial Sales is a private party and a corporation which at the time this Civil Action is filed has not more than 500 employees and whose net worth does not exceed $7,000,000.

6. Plaintiff CCS Industrial Sales is the Awardee of Purchase Order Number 586-C6-0329, and thus a proper "Contractor" under the Contract Disputes Act, 41 U.S.C. § 601(4). Purchase Order Number 586-C6-0329 became effective for CCS Industrial Sales on or about October 3rd, 2005 when Randy Braley, a Veterans Affairs official then operating from a portable office at the former Veterans Affairs Medical Center, 1601 Perdido Street, New Orleans, Louisiana 70112-1262 gave Plaintiff CCS Industrial Sales verbal authorization to proceed with remediation services. Plaintiff CCS Industrial Sales received the number of Purchase Order Number 586-C6-0329 when remediation service were completed on September 15th, 2006. Plaintiff CCS Industrial Sales has never received a copy of Purchase Order Number 586-C6-0329. Randy

Braley has been succeeded, in order, by Benjamin Coe, by Steve Jones, by Maria Pizzaro, Jayanti Menon, Cynthia Due, Corvette Kowaski, Greg Player, Barbara Hicks, Brenda Stewart, Robert Lynch, and Gerald Grahe.

7. Veterans Affairs is an Executive Department of the United States. 5 U.S.C. § 101. Veterans Affairs has authority to Award purchases and Contracts for property and services. 41 U.S.C. § 252. Veterans Affairs is a proper "Executive Agency" under the Contract Disputes Act, 41 U.S.C. § 601(2).

8. Purchase Order Number 586-C6-0329 is an express services Contract requiring the delivery of non-personal remediation services at the former Veterans Affairs Medical Center, New Orleans, Louisiana. Purchase Order Number 586-C6-0329 is an express Contract entered into by an Executive Agency for the procurement of services, and thus an Executive Agency Contract to which the Contract Disputes Act applies, 41 U.S.C. § 602(a)(1). Defendants Randy Braley, Benjamin Coe, Maria Pizzaro, Steve Jones, Jayanti Menon, Cynthia Due, Corvette Kowaski, Greg Player, Barbara Hicks, Brenda Stewart, Robert Lynch, and Gerald Grahe and the United States Department of Veterans Affairs are hereinafter referred to, collectively, as "the Defendants."

JURISDICTION

9. This Court has jurisdiction under 28 U.S.C. § 1491(a)(1), 28 U.S.C. § 1491(a)-(2), and 41 U.S.C. § 609(a)(1). The Deemed Denial by Veterans Affairs concerning Plaintiff CCS Industrial Sales' certified Claim of January 31st, 2007 for payment of $1,519,696 for remediation services delivered on behalf of CCS Industrial Sales under Purchase Order Number 586-C6-0329 is sufficiently final for the purposes of the Contract Disputes Act, 41 U.S.C. § 605(a) ("All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision."); is sufficiently final under 28 U.S.C. § 1491(a)(1) for this Civil Action seeking a money judgment (It is a "claim . . . founded . . . upon any express . . . contract with the United States."); and is sufficiently final under 28 U.S.C. § 1491(a)(2) for this Civil Action seeking declaratory relief because this Civil Action arises, literally, from "a nonmonetary [dispute] on which a decision of the contracting officer has been issued . . . ." *Record Steel and Construction, Inc. v. United States*, 62 Fed. Cl. 508, 520 (2004).

10. This Civil Action is timely filed. Plaintiff CCS Industrial Sales submitted a certified Claim to Maria Pizzaro on January 31st, 2007 and Veterans Affairs did not, on

or before April 4th, 2007, 41 U.S.C. § 605(c)(2), either issue a Decision on this certified Claim else notify CCS Industrial Sales of the time within which a Decision would be issued. *Patton v. United States*, 74 Fed. Cl. 110, 115-16 (2006). This Civil Action is filed within one year from the date of that Deemed Denial, 41 U.S.C. § 609-(a)(3).

## AVERMENTS

Veterans Affairs Medical Center Requirements.

11. Plaintiff CCS Industrial Sales has performed many past supply and services Contracts at the former Veterans Affairs Medical Center, 1601 Perdido Street, New Orleans, Louisiana 70112-1262 since 1996. All of these Contracts were for requirements less than $160,000.

12. Hurricane Katrina came ashore on the southeast coast of Louisiana in the morning of August 29th, 2005. The damage inflicted by Hurricane Katrina to the former Veterans Affairs Medical Center, 1601 Perdido Street, New Orleans, Louisiana 70112-1262 is the largest natural disaster ever sustained by Veterans Affairs.

13. The Basement of the former Veterans Affairs Medical Center flooded after Hurricane Katrina came ashore. Plaintiff CCS Industrial Sales was contacted imme-

diately by Phil Boogaerts, a Facilities Engineer at the former Veterans Affairs Medical Center, and he asked Plaintiff CCS Industrial Sales to inspect and provide a firm fixed-price quotation for removal of water from the Basement of the former Veterans Affairs Medical Center. The quotation was issued, reviewed, and Purchase Order Number V502P-2477 in the amount of $165,000 was issued on September 11th, 2005 by Veteran Affairs' Bernice Griffin (now retired). Due to the nature of the work involved, the specific equipment required, and the lack of manpower and equipment on the Gulf Coast, Plaintiff CCS Industrial Sales subcontracted these services to Southeast Restoration, Inc. dba AFTERDISASTER, 1130 Vandalia Road, Greensboro, North Carolina 27404-0393 (http://www.afterdisaster.com/). The services were completed on September 22nd, 2005, invoiced, and then payment was received.

14. Upon completion of initial pumping (de-watering) on September 22nd, 2005, Bernice Griffin issued a subsequent Purchase Order, Purchase Order Number 502-C5-4323 on September 26th, 2005. This Purchase Order Number 502-C5-4323 was in the initial amount of $500,000 and it was to be used for debris removal from the Basement and Sub-Basement of the former Veterans Affairs Medical Center. Plaintiff CCS Industrial Sales proceeded to mobilize equipment and manpower resources

for this work. On February 20th, 2006 Plaintiff CCS Industrial Sales was notified that Purchase Order Number 502-C5-4323 was cancelled.

15. Randy Braley of the South Central Veterans Affairs Health Care Network thereafter arrived at the former Veterans Affairs Medical Center and set up a meeting with Plaintiff CCS Industrial Sales in a portable on-site office. The purpose of the meeting was to ask if Plaintiff CCS Industrial Sales could become a prime Contractor involving clean-up of the effects of Hurricane Katrina, including the Basement, Sub-basement, and other services "as needed" on Floors 1 through 10 of the former Veterans Affairs Medical Center. Randy Braley said that he would write an initial Purchase Order and then issue subsequent Purchase Orders to keep the work progressing. Randy Braley said that he was in complete charge of all procurement for clean-up of the former Veterans Affairs Medical Center, that he could issue Purchase Orders in large amounts, and that because of the emergency resulting from Hurricane Katrina he could issue Purchase Orders in large amounts to a prime Contractor which could timely mobilize labor and equipment.

Contract Provisions.

16. Randy Braley gave Plaintiff CCS Industrial Sales verbal authorization to proceed. Plaintiff CCS Industrial Sales has never received a copy of Purchase Order Number 586-C6-0329. Randy Braley told Plaintiff CCS Industrial Sales that Veterans Affairs would monitor progress and would keep writing successor Purchase Orders as needed to keep Plaintiff CCS Industrial Sales and its Subcontractor, AFTERDISASTER, on the job. Plaintiff CCS Industrial Sales was directed by Veterans Affairs to "stay the course" and to "get the place cleaned up."

17. Plaintiff CCS Industrial Sales has received other Purchase Orders from the Defendants after services have been delivered, and then Plaintiff CCS Industrial Sales' Invoices were paid. If funding limitations had been exceeded on a particular Purchase Order (a common occurrence), Veterans Affairs then would issue a successor Purchase Order for the funds that had been reserved, pay that Purchase Order, issue a second Purchase Order for the amount yet to be paid, and than pay the additional amount due with the additional funds reserved on the second Purchase Order.

18. Subparagraph (d) *Disputes* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS Clause required to be incorporated in Purchase Order Number 586-

C6-0329 makes Purchase Order Number 586-C6-0329 subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613, and this *Disputes* Clause provides that "[f]ailure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal, or action arising under or related to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes . . . ." This *Disputes* Clause requires that Plaintiff CCS Industrial Sales "proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract."

19. The DISPUTES Clause of Purchase Order Number 586-C6-0329 defines as a "Claim" subject to this Clause "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract." Likewise this DISPUTES Clause provides that an Invoice not in dispute when submitted "may be converted to a claim under the Act, by complying with the submission and certification requirements of this clause, if it is disputed as to either liability or amount or is not acted upon in reasonable time."