# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **CCS INDUSTRIAL SALES, INCORPORATED** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-337C** |
| | ) | **Judge Lynn J. Bush** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S FIRST MOTION
FOR AN ENLARGEMENT OF TIME

In accordance with RCFC 6.1 and 7.2(a) Plaintiff CCS Industrial Sales, Incorporated, 3062 Highway 43 North, Picayune, Mississippi 39466-7848 (CCS Industrial Sales) files this Opposition to Defendant's First Motion for an Enlargement of Time.

Plaintiff's Complaint was filed on May 31st, 2007 and Defendant's Answer is thus due on July 30th, 2007. Defendant now seeks an enlargement, this through September 28th, 2007, of the time in which Defendant's Answer is to be filed.

It is routine for Plaintiff's outside counsel to not object to Motions for an Enlargement of Time—for example, in *SECURITAS GmbH Werkschutz v. United States*, Fed. Cl. Nos. 07-255C, -256C, & -257C (Judge Margaret M. Sweeney) I did not object to a similar Motion for an Enlargement of Time, this because both parties' witnesses and both parties' files and records are located in Hesse, and in Bavaria, Germany.

Although this Case likewise arises from a deemed denial under the Contract Disputes Act, 41 U.S.C. § 605(c)(2), of a certified Contract Disputes Act Claim, this matter is different.

The gravamen of this certified Contract Disputes Act Claim is that restoration services performed at the Veterans Affairs Medical Center in New Orleans, Louisiana during the period October 2005 through March 2006 have not been paid for. These restoration services were provided by CCS Industrial Sales as prime contractor and by Southeast Restoration, Incorporated d/b/a AFTERDISASTER (AFTERDISASTER) as a subcontractor.

SECURITAS is a wholly-owned subsidiary of a Swedish multi-national corporation. CCS Industrial Sales and AFTERDISASTER are both small businesses. Neither CCS Industrial Sales nor AFTERDISASTER is a sophisticated Federal contractor.

Both CCS Industrial Sales and AFTERDISASTER have experienced financial difficulties as a result of these long past-due invoices.

These restoration services by CCS Industrial Sales and by AFTERDISASTER were provided to the Department of Veterans Affairs only on verbal Purchase Orders. Neither CCS Industrial Sales nor AFTERDISASTER has been provided written copies of these Purchase Orders. And a Freedom of Information Act request for written copies of these Purchase Orders has gone unanswered since May 21st, 2007. Attachment 1.

Worse, that these were verbal Purchase Orders was the occasion for improper and unlawful threats on November 9th, 2005 by Federal employees at the Department of Veterans Affairs, threats made when AFTERDISASTER asked for written copies of the Purchase Orders. Attachment 2.

AFTERDISASTER likewise has made a certified Contract Disputes Act Claim for restoration services, this time as a prime contractor, and this for restoration services in addition to those restoration services provided by AFTERDISASTER as a subcontractor to CCS Industrial Sales. Attachment 3. And just as it has done with CCS Industrial Sale's certified Contract Disputes Act Claim, the Department of Veterans Affairs has

not responded to this second certified Contract Disputes Act Claim within the sixty calendar days allowed by the Contract Disputes Act, 41 U.S.C. § 605(c)(2).

On June 8th, 2007 after this matter was filed with the Court by CCS Industrial Sales, the Department of Veterans Affairs' Office of Inspector General asked both CCS Industrial Sales and AFTERDISASTER for books and records supporting the certified Contract Disputes Act Claims that had been filed. Attachment 4.

In fact CCS Industrial Sales and AFTERDISASTER had already submitted daily reports to the Department of Veterans Affairs when both were on-site in New Orleans from October 2005 through March 2006. And the Federal employees of the Department of Veterans Affairs to whom both CCS Industrial Sales and AFTERDISASTER submitted these on-site daily reports remain on the rolls of the Department of Veterans Affairs.

On June 25th, 2007 AFTERDISASTER notified the Department of Veterans Affairs' Office of Inspector General that copies of its books and records were available at the Office of AFTERDISASTER's outside counsel. And the Office of AFTERDISASTER's outside counsel is just seven blocks from the Office of the Department of Veterans Affairs' Office of Inspector General. Attachment 5.

In response to telephone calls from the Department of Veterans Affairs' Office of Inspector General on July 2nd, 2007 both CCS Industrial Sales and AFTERDISASTER submitted compendiums of their books and records. These document compendiums were received by the Department of Veterans Affairs' Office of Inspector General on July 6th, 2007. Attachments 6 and 7.

The person at the Department of Veterans Affairs' Office of Inspector General with overall responsibility for the Audit of the certified Contract Disputes Act Claims from CCS Industrial Sales and from AFTERDISASTER was on vacation the week beginning on July 8th, 2007. Nothing was done during this week. Attachment 8.

On Tuesday, July 17th, 2007 outside counsel for the Department of Veterans Affairs telephoned outside counsel for CCS Industrial Sales and for AFTERDISASTER. He relayed just what he had been told by house counsel for the Department of Veterans Affairs, who had in turn been told by the Department of Veterans Affairs' Office of Inspector General that the files from CCS Industrial Sales and from AFTERDISASTER had not been received until Monday, July 16th, 2007.

As a consequence outside counsel for the Department of Veterans Affairs said that a time extension of sixty days would be needed to complete the Audit and file the Answer in this matter.

When outside counsel for CCS Industrial Sales and for AFTERDISASTER learned the truth on July 18th, 2007, he declined to consent to the extension. Instead outside counsel that day engaged a courier service to hand-deliver to the Office of the Department of Veterans Affairs' Office of Inspector General files that had been since June 25th, 2007 available for review at an Office only seven blocks distant from the Office of the Department of Veterans Affairs' Office of Inspector General. Attachment 9.

Since July 18th, 2007 there have been electronic mail exchanges concerning the certified Contract Disputes Act Claims between the Department of Veterans Affairs' Office of Inspector General and CCS Industrial Sales and AFTERDISASTER. Attachment 10. There have been no meetings here in Washington or elsewhere between the Department of Veterans Affairs' Office of Inspector General and CCS Industrial Sales or AFTERDISASTER. The Department of Veterans Affairs' Office of Inspector General has provided neither an account of its progress with the Audit nor a date by which the Audit will be complete.

The Contract Disputes Act sets out a standard for Agency responsiveness to properly-certified Claims. This standard is the sixty calendar days in which an Agency is to respond, else the Contractor may proceed on a deemed denial. The Department of Veterans Affairs has failed (twice) to meet this responsiveness standard on certified Contract Disputes Act Claims for past-due payments for restoration services provided by CCS Industrial Sales and by AFTERDISASTER at the Veterans Affairs Medical Center in New Orleans.

The Court should not routinely grant this Motion, thereby letting the Department of Veterans Affairs hide behind its outside counsel. It is certainly not a surprise to the Court or to the private bar that many, if not all, attorneys at the Commercial Litigation Branch, Civil Division, United States Department of Justice have many active cases. But this is not a certified Contract Disputes Act Claim which concerns actions or, as in this case inactions, by the United States Department of Justice. This certified Contract Disputes Act Claim concerns only the Department of Veterans Affairs.

And as to the Department of Veterans Affairs, the Contract Disputes Act sets out a standard for Agency responsiveness, a standard the Department of Veterans Affairs

has so far not met, and should this Motion be granted, a standard which the Department of Veterans Affairs will continue not to meet.

Plaintiff asks that the Court deny the requested time extension. Plaintiff asks that the Court order the Department of Veterans Affairs to complete its Audit and to provide copies of the completed Audit to Plaintiff on or before Friday, August 10th, 2007. Plaintiff asks also that the Court extend the date in which the Answer in this matter is to be filed, but only until Friday, August 24th, 2007.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500;
Virginia State Bar Number 03135
July 25th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
CCS Industrial Sales, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Wednesday, July 25th, 2007 a true and complete copy of this Plaintiff's Opposition to Defendant's First Motion for an Enlargement of Time was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Armando A. Rodriguez-Feo, Esq.

Electronic Mail: Armando.Rodriguez-Feo@usdoj.gov

Attorney of record for Defendant,
United States Department of Veterans Affairs.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV

# ATTACHMENT 1

DEPARTMENT OF VETERANS AFFAIRS
Washington DC 20420

MAY 21 2007

Mr. Cyrus E. Phillips, IV
Attorney at Law
1828 L Street, NW, Suite 660
Washington, DC 20036-5112

Dear Mr. Phillips:

Thank you for your May 2, 2007, Freedom of Information Act ("FOIA") request to the Department of Veterans Affairs. You requested disclosure of five purchase orders.

The documents you seek are not located in this office. In accordance with 72 Stat. 1114; 38 U.S.C. 501, Section 1.556, the Department of Veterans Affairs will promptly refer FOIA requests to the proper employee/location for processing.

We assigned you FOIA case number 6890, and referred your letter to the following Veterans Affairs component for processing. If necessary, this office will consult with other VA facilities. If you wish to know the status of your FOIA request, please contact:

Department of Veterans Affairs
Veterans Health Administration (19E)
810 Vermont Avenue, NW
Attn: Clay Johnson
Washington, DC 20420

Phone: 202-273-6266
Fax: 202-273-9387

We appreciate your interest in the Department of Veterans Affairs. Customer service is very important to us. If you have questions about this letter, please contact Amy Gbenou of my staff at 202-565-6992 and refer to FOIA number 6890.

Sincerely,

John Livornese
Director, Records Management Service

# ATTACHMENT 2

AFTERDISASTER®
THE WATER AND FIRE EMERGENCY TEAM

November 9, 2005

The purpose of this memo is to document a meeting that I had with Randy Braley and Maria Pizzaro on November 9, 2005 at approximately 9AM in the circular drive in front of the VA Medical Center.

I had met with our attorneys on November 8, 2005 to learn how we should proceed with billing and collecting for the work we were doing at the VA Medical Center. When I explained that we had no contract and were performing services on Verbal Purchase Orders our attorneys became quite alarmed. They recommended that we obtain written documentation of our authorization to perform work.

Before the morning meeting I approached Maria Pizzaro and told her I would like to meet at her convenience to talk about payment and purchase orders. She replied that she would see if she had time and conveyed the attitude that she was not going to be available.

After the morning meeting I approached Maria Pizzaro and Randy Braley about this issue. I asked for written purchase orders and explained our attorneys' concerns.

Evidently during the course of my comments Maria Pizzaro felt that I had implied that we were considering pulling off of the job.

Following is what I was told:

By Maria Pizzaro:

"Your attorneys are not familiar with the FAR's." If they were they would know that this is not a problem.

She stated that the FAR's allow verbal PO's in an emergency situation such as this and accordingly this situation is within the VA's authority. She indicated that we should not be concerned about the absence of written purchase orders.

She assured me that written purchase orders would be available.

She told me that she was just waiting for us to pull off the job because if we did we would be responsible for paying someone else to finish it and be subject to monetary penalties. She indicated that this would be acceptable to them as they would get the job done either way.

P.O. Box 10393 • Greensboro, North Carolina 27404
Phone: 336-294-4321 • Toll Free: 1-800-948-0242 • Fax: 336-855-1144
E-mail: help@afterdisaster.com • Web: www.afterdisaster.com

By Randy Braley:

"We can get another contractor in here to take your place."

"I am authorized to issue verbal purchase orders up to $25,000,000 in a situation like as this."

"We expect the contractors we deal with to have the wherewithal to make the necessary investment in keeping the job going."

I assured them that we were not contemplating walking away and that we wanted the work.

I must have really upset Randy because he called Lee King and told him I had almost gotten us thrown off of the job. He also said that I "demanded" written purchase orders from him and that he did not like anyone demanding anything from him.

I was very threatened by this conversation and concluded that this would be the last time I would challenge either of them. The consequences were too high; lose the job and be forced to pay to another company to complete it. I was also concerned that I had jeopardized my job with AFTERDISASTER by upsetting the individuals we were working for. It was clear to me that we would lose the job if we didn't do things exactly the way they wanted them done. It was also clear to me that we would have to finish the job no matter what.

I abandoned further counsel from our attorney's feeling that it could only make things worse.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 11-9-05.

[signature] 11-9-05 Date

Zack Howerton, AFTERDISASTER

# ATTACHMENT 3

May 16th, 2007

Brenda Stewart
Procurement Analyst, VISN 16
Department of Veterans Affairs
4 River Bend Place, Suite 720
Flowood, Mississippi 39232-7619

Subject: Contract Disputes Act, 41 U.S.C. § 605(a) Claims Under Purchase Orders Numbers 586-C60194, 586-C60195, 586-C60204, 586-C60216, and 586-C60218.

Dear Ms. Stewart:

These are Claims under the Contract Disputes Act, 41 U.S.C. § 605(a), Claims that arise under the "Disputes" Clause, Federal Acquisition Regulation 52.233-1, of five Purchase Orders, Purchase Order Numbers 586-C60194, 586-C60195, 586-C60204, 586-C60216 and 586-C60218.

The first of these Claims arises under subparagraph (c) of the Disputes Clause from Invoices not in dispute when submitted, but now deemed to be disputed because these Invoices have not been acted upon in a reasonable time.

Enclosed are notebooks containing the original undisputed Invoices and, as well, Invoices for the continued service deliveries. Additionally, the Attachment setting forth the directives received from Department of Veterans Affairs' on-site representatives is included.

The following chart (next page) summarizes work performed, purchase order numbers, and relevant Claim amounts for continued service deliveries.

P.O. Box 10393 • Greensboro, North Carolina 27404
Phone: 336-294-4321 • Toll Free: 1-800-948-0242 • Fax: 336-855-1144
E-mail: help afterdisaster.com • Web: www.afterdisaster.com

| Purchase Order | Invoice Number | Date | Description | Balance Past Due |
|---|---|---|---|---|
| 586-C60194 | 31306 | 5/16/2006 | Site Cleanup/ Power Scrub | $ 721.07 |
| | | Claim Amount for continued service delivery | | $ 97,209.50 |
| 586-C60204 | 22806 | 2/19/2007 | Air Scrubbers, Filters, and Set-Up | $ 749,982.83 |
| | | Claim Amount for continued service delivery | | $ 1,069,573.46 |
| 586-C60216 | 31306 | 9/15/2006 | Tree/Vegetation Removal | $ 74,921.55 |
| | | Claim Amount for continued service delivery | | $ 13,583.00 |
| 586-C60218 | 31006 | 3/10/2006 | Parking Garage Pressure Washing | $ 84,704.91 |
| | | Claim Amount for continued service delivery | | $ 34,406.14 |

Note: (The invoice for this one Purchase Order is being sent herein for the first time)

| Purchase Order | Invoice Number | Date | Description | Balance Past Due |
|---|---|---|---|---|
| 586-C60195 | 51007 | 5/10/2007 | Cleaning – 10G, 9G, 1G, Emergency Room, Patios | $1,385,499.32 |
| | | Claim Amount for continued service delivery | | $ 0.00 |

The total of this first Claim for these disputed Invoices is thus $2,295,829.68 (first amount listed for each Purchase Order).

The total of this second Claim for these continued service deliveries is thus $1,214,772.10 (second amount listed for each Purchase Order).

All five Purchase Orders were issued to Southeast Restoration, Incorporated dba AFTER-DISASTER (AFTERDISASTER) by Randy Braley, and all five Purchase Orders were verbal.

On Friday, October 28th, 2005 Department of Veterans Affairs Representative Maria Pizzaro emailed AFTERDISASTER Purchase Order numbers, along with the assurance that hard copies of the Purchase Orders would be mailed to us within two weeks. Therein she stated "*hard copies of these Pos will be provided within two weeks. All invoices will be sent to Randy for processing*." We never received the actual purchase orders.

The Services rendered on-site at 1601 Perdido Street, New Orleans by AFTERDISASTER were documented by Daily Work Plans and by Production Reports. Copies of Daily Work Plans were provided to Department of Veterans Affairs representatives each and every day, these being hand-delivered to Department of Veterans Affairs on-site representatives, either Randy Braley else Benjamin Coe.

AFTERDISASTER has copies of these Daily Work Plans and Production Reports. These documents, as well as AFTERDISASTER's accounting records, are available for your review at AFTERDISASTER's Office, located at 1130 West Vandalia Road, Greensboro, North Carolina 27406.

When each of these verbal Purchase Orders was issued, an initial amount was established. In all cases except Purchase Order 586-C60195, the services delivered at the agreed-upon prices exceeded the initial amounts.

AFTERDISASTER attempted to resolve this problem on-site in New Orleans. Department of Veterans Affairs on-site representatives threatened AFTERDISASTER with excess costs of job completion by another should AFTERDISASTER cease service delivery once the initial amount was exceeded on a particular Purchase Order. AFTERDISASTER thus continued service deliveries. An account of these directives by Department of Veterans Affairs' on-site representatives is attached.

AFTERDISASTER Claims recompense for the reasonable value of these continued service deliveries as on an implied-in-fact Contract. *Urban Data Systems, Inc. v. United States*, 699 F.2d 1147, 1154-1155 (Fed. Cir. 1983). AFTERDISASTER Claims that the reasonable value of these continued service deliveries is not less than the agreed-upon prices. *Id.*, 699 F.2d, at 1155-1156.

Enclosed herewith, in addition to the Attachment setting forth the directives received from Department of Veterans Affairs' on-site representatives, are notebooks containing the original undisputed Invoices and, as well, Invoices for the continued service deliveries.

The total Claims here made are $3,510,601.78. Interest at statutory rates is due on these Claims from the date that you receive these Claims until the date that these Claims are paid. 41 U.S.C. § 611.

In accordance with 41 U.S.C. § 605(c)(1) and subparagraph (d)(2)(i) of the Disputes Clause, I hereby declare under the penalty of perjury, and I certify, that these $3,510,601.78 Claims are made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount requested accurately reflects the contract adjustment for which

AFTERDISASTER believes that the Government is liable, and that I am duly authorized to certify these Claims on behalf of AFTERDISASTER.

Sincerely,

δ

Lee King

President
Southeast Restoration, Inc.
dba AFTERDISASTER
1130 West Vandalia Road
Post Office Box 10393
Greensboro, North Carolina 27404-0393

Enclosures (as stated)

Cc:
Cyrus E. Phillips, IV
Attorney-at-Law
1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
(w/o enclosures)

# ATTACHMENT 4

**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Inspector General**
**Washington, DC 20420**

June 8, 2007

Mr. Lee King, President
Southeast Restoration, Inc.
1130 West Vandalia Road
Greensboro, North Carolina 27404-0393

Dear Mr. King:

At the request of the Department of Veterans Affairs, Veterans Integrated Service Network (VISN) 16 contracting representatives, we are conducting an audit of invoices submitted for cleanup of the former Veterans Affairs Medical Center New Orleans, located at 1601 Perdido Street, New Orleans. Southeast Restoration Inc. dba AfterDisaster (AfterDisaster) initially served as a subcontractor and later as a prime contractor during the cleanup period.

The scope of our audit includes the following AfterDisaster invoices submitted to CCS: 101005, 101805, 102505, 110105, 110805, 111505, 112205, 120605, 121305, 122005, 122705, 13106, 20706, 21406, 10306, 11006, 11706, and 12406. The following purchase orders are also included: C60194, C60195, C60204, C60216, and C60218.

We have reviewed documentation provided by VISN 16 and determined that we need the following items for all effort charged to VA purchase orders, regardless of prime or subcontractor status:

1. Timesheets supporting all labor hours charged.
2. Proposals or cost estimates submitted in support of issued purchase orders.
3. Correspondence with VA personnel referring to agreement to perform certain tasks and other pertinent discussions.

Based on our review of the documentation you provide, we may need to request additional data and/or schedule a site visit. Please express mail requested documents to the following address:

Gerald T. Grahe
Office of Inspector General
Department of Veterans Affairs
Office of Contract Review (55)
801 I Street NW, Room 1171
Washington, DC 20001

If you have any questions, please contact me at (202) 565-8255. Thank you in advance for your cooperation.

Sincerely,

GERALD T. GRAHE
Deputy Director, Office of Contract Review (55)

# ATTACHMENT 5

AFTERDISASTER®
THE WATER AND FIRE EMERGENCY TEAM

Monday, June 25, 2007

Mr. Gerald T. Grahe
Office of Inspector General
Department of Veterans Affairs
Office of Contract Review (55)
801 I Street NW, Room 1171
Washington, DC 20001

Dear Mr. Grahe:

We received your June 8 letter requesting additional documentation.

Since we received your June 8 letter, we have had our administrative staff compiling the information per your request for each daily report and correspondence throughout the job, and organizing them in chronological order for ease of reference.

Currently, the administrative staff has compiled and organized at least 227 daily reports and correspondences, all of which were either hand delivered to, emailed to, or received from the VA and its on site representatives.

Our attorney, Cyrus Phillips, is also located only seven blocks from your office. Cy has approximately 9,000 pages of documentation, which have been and remain available for the VA's review any time, any day. You may contact Mr. Phillips at (202) 466-7008 to schedule an appointment at his office located at 1828 L Street, N.W. Suite 660, Washington, DC 20036-5112.

We will have copies of daily correspondences and other documentation per your request, sent by overnight mail to you as soon as possible, and look forward to receipt of payment on this invoices.

Sincerely,

Lee King

Lee King, President/CEO
AFTERDISASTER

cc: Cyrus Phillips

P.O. Box 10393 • Greensboro, North Carolina 27404
Phone: 336-294-4321 • Toll Free: 1-800-948-0242 • Fax: 336-855-1144
E-mail: help@afterdisaster.com • Web: www.afterdisaster.com

# ATTACHMENT 6

**Cyrus E. Phillips, IV**

**From:** Cyrus E. Phillips, IV [lawyer procurement-lawyer.com]

**Sent:** Wednesday, July 18, 2007 8:36 AM

**To:** 'Lee King'

**Subject:** RE: Attorney Client Privileged-CONFIDENTIAL

It certainly does appear that our friend Grahe has lied to his in-house lawyer. Yes, send him another follow-up offering to meet. I'm still planning on hauling all of the documents that you have left with me over to the VA later today.

I'd like to send this to the Justice Department lawyer because this directly contradicts what Grahe told his in-house VA lawyer who then relayed Grahe's assertions to the Justice Department. Is this OK?

Yesterday was the 60th day after submission of the AFTERDISASTER Claim. Have you heard anything???

Cy

---

**From:** Lee King [mailto:Lee.King@AFTERDISASTER.COM]
**Sent:** Wednesday, July 18, 2007 8:10 AM
**To:** 'Cyrus E. Phillips IV'
**Subject:** Attorney Client Privileged-CONFIDENTIAL

Cy,

In further review of your email last night, please consider the following.

We sent the package to him by Federal Express on Thursday, July 5, with overnight delivery specified.

Grahe received the documents the following day, Friday, July 6, as he, himself, states in the following email on Monday, July 9.

I have highlighted the relevant portion of HIS email (in bold red letters) below. Any statements he has made about not receiving the documents is simply not true.

I think it would be good for you to still offer to hand deliver the documents that he has apparently lost since he had them on Friday, July 6.

Hopefully this will begin to make evident their total lack of credibility.

Also, should I send him another followup today offering to meet?

Lee

-----Original Message-----
From: Grahe, Gerald (OIG) [mailto:Gerald.Grahe@va.gov]
Sent: Monday, July 09, 2007 8:54 PM
To: Lee.King@AFTERDISASTER.COM
Subject: Re: Followup

Thanks Mr. King. I will back in the office on Monday and will give you a call to set up a meeting. **Thank you for the documents I received on Friday.**

Jerry Grahe
------Original Message------
From: Lee King
To: Grahe, Gerald (OIG)
Cc: 'Cyrus E. Phillips IV'
Sent: Jul 9, 2007 4:15 PM
Subject: Followup

Mr. Grahe,

I am sending this to followup with you.

I am available to meet with you at Cy Phillips' office in DC in order to clarify questions that you may have regarding the work we performed at the VA in New Orleans.

Please let me know if/when you would like to schedule a meeting.

Thank you.

Lee King
AFTERDISASTER

cc: Cy Phillips

---

Lee King

AFTERDISASTER

P.O. Box 10393

Greensboro, NC 27404

Office (336) 294-4321

EFax (336) 464-2644

Office Fax (336) 855-1144

Email Lee.King@AFTERDISASTER.com

AFTERDISASTER®

The Water & Fire Emergency Team

Serving the Eastern United States

# ATTACHMENT 7

**Cyrus E. Phillips, IV**

**From:** Cyrus E. Phillips, IV [lawyer procurement-lawyer.com]

**Sent:** Wednesday, July 18, 2007 11:46 AM

**To:** Armando Rodriguez-Feo, Esq.

**Cc:** David Burge; Sheila Burge; Lee.King AFTERDISASTER.com; Zack Howerton (Zack.Howerton AFTERDISASTER.com)

**Subject:** FW: Gerald Grahe

**Tracking:**

| Recipient | Read |
|---|---|
| Armando Rodriguez-Feo, Esq. | Read: 7/18/2007 11:50 AM |
| David Burge | |
| Sheila Burge | |
| Lee.King@AFTERDISASTER.com | |
| Zack Howerton (Zack.Howerton@AFTERDISASTER.com) | Read: 7/18/2007 2:13 PM |

The electronic message below is additional information.

The courier service, Washington Express Services, Incorporated, left my Office just moments ago with three banker's boxes of files that I sending to Mr. Grahe. The delivery should be complete within the hour.

Cy Phillips

---

**From:** Sheila Burge [mailto:sheila@galleriahomecenter.com]
**Sent:** Wednesday, July 18, 2007 11:25 AM
**To:** lawyer@procurement-lawyer.com; Lee.King@AFTERDISASTER.com; Zack Howerton
**Cc:** David Burge
**Subject:** Gerald Grahe

Good Morning Everyone,
It appears from all the emails from each of you that Grahe is playing all of us. It is my understanding from Lee King, that Grahe placed a call to him discussing the same exact facts concerning the Katrina cleanup, that he did with me on July 2nd. My conversation with Grahe on July 2nd resulted in him requesting the following documents:

1. A summary of all invoices CCS submitted to VA, along with identifying the invoices in which CCS never received a purchase order number, verbally or written.
2. He requested a copy of the "Work Plan", in which I replied, CCS was never furnished with one.
3. He requested copies of email communications between CCS and Maria Pizarro and Randy Braley.
4. Copies of the March 21, 2007 correspondence to Brenda Stewart, along with the CCS Invoices 1162, 1173, 1174.
5. Copy of the only written purchase order from Bernice Griffin of the Alexandria, LA office.

The above documents were sent via UPS Red(overnight delivery) to Gerald Grahe on July 5, 2007. I have not heard from him since.

Sheila Burge
CCS Industrial Sales, Inc.
3062 Hwy 43 N, Picayune MS 39466
email: sheila galleriahomecenter.com
ph: 601-798-5400 fax: 601-798-5230

# ATTACHMENT 8

**Cyrus E. Phillips, IV**

**From:** Cyrus E. Phillips, IV [lawyer□ procurement-lawyer.com]
**Sent:** Thursday, July 19, 2007 1:16 PM
**To:** 'Lee King'; Zack Howerton (Zack.Howerton□ AFTERDISASTER.com)
**Cc:** David Burge; Sheila Burge
**Subject:** RE: Partial Payment, VA Medical Center Claims

I don’t think that anyone needs to get too happy, too soon.

I had a call on my way out the door late yesterday afternoon from the Justice Department lawyer.

His feathers were still ruffled from that day’s events. But he admitted that Grahe was out of his Office last week Grahe was on VACATION!

The Justice Department lawyer thinks that an extension will still be necessary even if Grahe finishes his audit, this because the Grahe audit and VA response must go through the VA General Counsel to the Justice Department, and then then the Justice Department lawyer must come up, and file, an Answer to our Complaint.

But if, as we all now think, the only issue is Grahe finding the back-up for the invoices, then there are not any real legal issues. And this should enable Grahe/VA to make a partial payment, which I have put out as the “price” for an extension.

I didn’t take a vacation last week, and neither, I suppose, did you folks.

So I told the Justice Department fellow to put a lid on the extension business until early next week, when we will have better idea, perhaps, about Grahe’s progress or lack thereof.

I don’t want to scotch the prospects of a partial payment just yet.

On the other hand, if it comes to this next week and we have no offer of a partial payment (which must come from then I don’t think that we should simply agree to an extension and pass up an opportunity to let Judge Bush know just what has gone on (or not gone on, if we are speaking of VA).

Cy Phillips

---

**From:** Lee King [mailto:Lee.King@AFTERDISASTER.COM]
**Sent:** Thursday, July 19, 2007 12:54 PM
**To:** lawyer@procurement-lawyer.com
**Subject:** Partial Payment

Cy,

If the VA provides a favorable response to your request for a partial payment, have you considered what that amount might be?

I would suggest the PO's in their entirety plus some additional, in the range of □3,000,000 total.

Lee

Lee King
AFTERDISASTER
P.O. Box 10393
Greensboro, NC 27404
Office (336) 294-4321
EFax (336) 464-2644
Office Fax (336) 855-1144
Email Lee.King AFTERDISASTER.com

***AFTERDISASTER***
**The Water & Fire Emergency Team**
Serving the Eastern United States

# ATTACHMENT 9

**Cyrus E. Phillips, IV**

**From:** Cyrus E. Phillips, IV [lawyer procurement-lawyer.com]
**Sent:** Wednesday, July 18, 2007 12:51 PM
**To:** Armando Rodriguez-Feo, Esq.
**Cc:** David Burge; Sheila Burge; Lee.King AFTERDISASTER.com; Zack Howerton (Zack.Howerton AFTERDISASTER.com)
**Subject:** FW: Tracking Number 175809 has been delivered

**Tracking:**

| Recipient | Read |
|---|---|
| Armando Rodriguez-Feo, Esq. | Read: 7/18/2007 1:15 PM |
| David Burge | |
| Sheila Burge | |
| Lee.King@AFTERDISASTER.com | |
| Zack Howerton (Zack.Howerton@AFTERDISASTER.com) | |

---

**From:** wex@e-courier.com [mailto:wex@e-courier.com]
**Sent:** Wednesday, July 18, 2007 12:40 PM
**To:** LAWYER@PROCUREMENT-LAWYER.COM
**Subject:** Tracking Number 175809 has been delivered

# Delivery Notification

Our records indicate that the following order has been delivered:
Order was Placed by: CYRUS PHILLIPS
Order Number: 175809
Pickup Address:
CYRUS PHILLPS
1828 L St NW
Washington,DC, 20036
See:
Delivery Address:
DEPT OF VETERANS AFFAIRS
801 I St NW
Washington,DC, 20001
See: GERALD GRAHE
Authorization: 076894
Delivered On: 7/18/2007 12:38
Signed By: graterte
You can track your shipment in more detail at any time from www.washingtonexpress.com

Copyright 2001 e-Courier Inc
This communication contains proprietary business information and may contain confidential information. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
Please note that this communication was automatically generated at the request of the Shipper and any attempt to reply to the communication cannot and will not be answered or received by Shipper. Therefore, if you have any questions regarding this referenced shipment you must contact the Shipper directly. In addition, if you would like to discontinue this notification service you must inform the Shipper directly.

# ATTACHMENT 10

**Cyrus E. Phillips, IV**

**From:** Cyrus E. Phillips, IV [lawyer□ vagabond-lawyer.com]
**Sent:** Thursday, July 19, 2007 2:54 PM
**To:** Armando Rodriguez-Feo, Esq.
**Subject:** FW: VA-NOLA Katrina Cleanup Documentation

FYI

---

**From:** Sheila Burge [mailto:sheila@galleriahomecenter.com]
**Sent:** Thursday, July 19, 2007 1:12 PM
**To:** Grahe, Gerald (OIG); lawyer@procurement-lawyer.com; Lee.King@AFTERDISASTER.com; Zack Howerton
**Subject:** FW: VA-NOLA Katrina Cleanup Documentation

The attached email from David Burge will answer your question concerning the 10□ overhead/10□ profit.

---

**From:** David Burge
**Sent:** Thursday, July 19, 2007 12:02 PM
**To:** Sheila Burge
**Subject:** RE: VA-NOLA Katrina Cleanup Documentation

Sheila, please review and forward to Mr. Grahe. If my letter seems harsh, I will modify it as needed.

The initial invoices submitted to the VA were □cost plus□invoices. We were not required to submit the actual copies of the afterdisaster invoices at that time, my markup varied, but averaged 10□/10□ for the initial invoices.

Then Randy Braley and Benjamin Coe requested that I send the original AD invoices with my bills, with a markup that would account for my handling the job, paying bills, and keeping the project running in a smooth manner.

The formula was reviewed and approved by both Mr. Randy Braley and Mr. Benjamin Coe.
I had meetings with them to determine this.
However, I do not expect them to remember these meetings. Both men stated that it was very fair to apply 10□ overhead/10□ profit.

I wondered why AfterDisaster took so many notes and made the daily activity reports. Now I see why.
Randy Braley should be ashamed of himself for the way this project was conducted.
dmb

---

**From:** Sheila Burge
**Sent:** Thursday, July 19, 2007 11:12 AM
**To:** David Burge
**Subject:** FW: VA-NOLA Katrina Cleanup Documentation

Can you provide Mr. Grahe with the how this formula was arrived?

---

**From:** Grahe, Gerald (OIG) [mailto:Gerald.Grahe@va.gov]
**Sent:** Thursday, July 19, 2007 10:53 AM
**To:** Sheila Burge
**Subject:** FW: VA-NOLA Katrina Cleanup Documentation

Good Morning Sheila,

Continuing to go through supporting data supplied by both CCS and AfterDisaster; I have noticed that you applied a 10□ overhead and a 10□ profit rate to AfterDisaster invoices. Was there any discussion with VA representatives regarding these rates? Thanks.

Jerry Grahe

---

**From:** Grahe, Gerald (OIG)
**Sent:** Wednesday, July 18, 2007 4:09 PM
**To:** 'Sheila Burge'
**Subject:** RE: VA-NOLA Katrina Cleanup Documentation

Good Afternoon Sheila,

Michelle Nelson is our administrative support individual. I received the package that Friday afternoon. I was out of the office last week, so I am back on this project as of Monday of this week. I will be sending you additional questions as they arise. Thanks for touching base.

Jerry Grahe

---

**From:** Sheila Burge [mailto:sheila@galleriahomecenter.com]
**Sent:** Wednesday, July 18, 2007 4:02 PM
**To:** Grahe, Gerald (OIG)
**Cc:** David Burge
**Subject:** VA-NOLA Katrina Cleanup Documentation

Good Afternoon Jerry,
I just wanted to follow up with you from our July 2nd telephone conversation wherein we discussed in detail the above subject matter. You requested many supporting doucments with respect to the Katrina cleanup. On July 5th, I submitted these documents to you via UPS Overnight delivery. These documents were received at your office on July 6th and signed for by "Nelson". Since I have not heard back from you concerning the package I provided you, I just wanted to let you know that CCS is ready to assist you in any way possible to resolve our complaint herein.

Awaiting your advices.

CCS Industrial Sales, Inc.
Sheila Burge
3062 Hwy 43 North, Picayune, MS 39466
email: sheila galleriahomecenter.com
ph: 601-798-5400 fax: 601-798-5230