IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CCS INDUSTRIAL SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-337C |
| | ) | (Judge Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
FIRST MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 7.2(b) of the Rules of the Court of Federal Claims ("RCFC"), the United States respectfully replies to plaintiff's opposition to our motion for an enlargement of time of 60 days within which to respond to plaintiff's complaint.

On July 24, 2007, defendant filed its request for an enlargement of time to file its answer from July 18, 2007, and indicated plaintiff's opposition. Docket Entry #8. That same day, the Clerk granted the Government's request. Plaintiff's counsel subsequently filed an opposition to the defendant's motion on July 25, 2007. Docket Entry #9. The Court's electronic docket states that a reply is due by August 6, 2007. Because the enlargement has already been granted, a reply is moot.[1]

As we established in our motion, counsel for the United States relies upon the agency to prepare a litigation report, pursuant to 28 U.S.C. § 520, so that counsel may respond adequately to the contentions contained in the complaint. Although the contracting officer may be consulted by agency counsel concerning the issues raised in the complaint, it is agency counsel that

---

[1] But see RCFC 77.2 (limiting Clerk's authority to grant enlargements to those cases where such a request is unopposed).

compiles the litigation report. Accordingly, the contracting officer's receipt of the claim is not material to the question presented. Indeed, following the filing of the complaint in this matter, the contracting officer is divested of any authority to issue determinations related to the issues contained in the complaint. 28 U.S.C. §§ 516-520; Sharman v. United States, 2 F.3d 1564, 1571-72 (Fed. Cir. 1993); Durable Metal Prods., Inc. v. United States, 21 Cl. Ct. 41, 46 (1990).

In our motion, we indicated that agency counsel requires additional time to prepare the litigation report, and that we will require additional time to prepare a response to the complaint. While we understand the frustration that plaintiff may be experiencing given our request for additional time, plaintiff's counsel is an experienced procurement lawyer who should also understand that our assessment of the issues he raises in the complaint may be very different from that of the contracting officer. Indeed, in the case of a deemed denial such as here, the Government does not even have a contracting officer's decision to reference.

Plaintiff's own opposition belies its argument against granting defendant's request. Plaintiff does not deny that there is an ongoing IG investigation into the invoices it submitted to the VA, nor does it show any dilatory conduct by the IG since there continues to be an open dialog between the parties. Pl. Opp. at 6. His chief complaint is that the VA is not doing their job in paying his clients' claim in a timely manner. Pl. Opp. at 7-8.

Defendant sympathizes with plaintiff's position and would prefer to have all the information before it in order to determine the merit of plaintiff's complaint. But the challenges of determining what actually happened as a result of the Hurricane Katrina cleanup efforts, exacerbated by plaintiff's allegations of purported oral promises for which the promisor may have lacked authority, and the need for a thorough investigation into the propriety of the

contractor's invoices by the IG, all counsel in favor of granting our request for more time.

The decision to grant an enlargement of time to file an answer is a matter within this Court's discretion and should be granted for good cause shown. The rules of this Court provide that:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

RCFC 6. Plaintiff has had months to prepare his complaint while the Government is now in a responsive position. The Government is equally entitled to marshal its evidence and properly defend against plaintiff's suit. As stated earlier, this is defendant's first request for an enlargement.

In the event the Court reconsiders the Clerk's order granting our request for an enlargement, for these reasons, and the reasons set forth in our motion, defendant respectfully requests that the Court grant its first motion for a 60-day enlargement of time within which to file

its response to plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

August 3, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of August, 2007, the foregoing "REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S FIRST MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando A. Rodriguez-Feo