# In the United States Court of Federal Claims

No. 07-337 C

(Filed August 10, 2007)

* * * * * * * * * * * * * * * * * * * * * *
CCS INDUSTRIAL SALES, INC., *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *

*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

On July 24, 2007, defendant filed an opposed Motion for Enlargement of Time of sixty days, to and including September 28, 2007, within which to respond to plaintiff's complaint. Defendant's motion reports that a copy of the complaint has been forwarded to the Department of Veterans Affairs, along with a request for a litigation report and a suggested response to the complaint. Defendant's motion additionally states that plaintiff's claims involve post-Hurricane Katrina cleanup at the former Veterans Affairs (VA) hospital in New Orleans, Louisiana; there is no contracting officer's decision; and the deemed denial invoices submitted by plaintiff are also the subject of a VA Inspector General's Office (IGO) Audit which has not been completed. For the above stated reasons, defendant requests permission from the court for a sixty day enlargement of time to respond to plaintiff's complaint. Defendant's motion clearly stated that plaintiff opposed the motion and would be filing an opposition.

On July 25, 2007, plaintiff filed Plaintiff's Opposition to Defendant's First Motion for an Enlargement of Time. Plaintiff's opposition states that plaintiff is a small business that has not received payment for restoration services performed at the VA Medical Center in New Orleans, Louisiana during the period of October 2005 through March 2006. Plaintiff's counsel states that because of the

governments delay in payment of these service's plaintiff has experienced financial difficulties.

In particular, plaintiff's opposition cites repeated requests for copies of written purchase orders from the VA in this matter. Plaintiff's counsel reports that it has submitted a certified Contract Disputes Claim which has gone unanswered by the VA, resulting in the filing of a second certified Contract Disputes Act claim, pursuant to 41 U.S.C. § 605(c)(2). Plaintiff states its requests have gone unanswered; however, it has provided the VA OIG its books and on-site daily reports supporting its certified Contract Disputes Act Claims, as requested. Plaintiff reports to the court that the VA OIG has provided neither an account of its progress with its audit of plaintiff, nor a date by which the audit shall be complete. Plaintiff's opposition requests the court to order VA to complete its audit and to provide copies of the completed audit to plaintiff on or before August 10, 2007. Additionally, plaintiff states that it does not oppose an enlargement of twenty-five days, to and including August 24th, 2007, for the defendant to respond to plaintiff's complaint .

On August 9, 2007, the court held a conference call in which counsel for plaintiff, counsel for defendant, and agency counsel participated. During this conference call, counsel for defendant informed the court that the Justice Department anticipated that, absent any unforeseen problems, the audit should be completed by August 17, 2007. Upon such completion, an informal copy of the audit findings is to be transmitted to counsel for defendant for utilization in the preparation of the government's answer as well as for use in a determination of whether the government believes that any portions of plaintiff's claims should be paid without further litigation. Government counsel informed the court that subsequent to the issuance of its informal findings, within approximately two weeks, the VA OIG would issue formal findings, which will, in turn, be forwarded to plaintiff's counsel by government counsel immediately upon receipt. Counsel for defendant also stated that the requested enlargement date was an "outside date", and in the event that the schedule permitted an early response, the government would file its answer prior to the requested extension date of September 28, 2007. Despite the government's explanations, plaintiff remains unmoved and opposed to defendant's request for a 60 day extension of time. Citing to the VA's past unresponsiveness, plaintiff maintains that defendant has engaged in too many delays to warrant the amount of time requested by the government at this time.

In this court, enlargements of time are permitted under Rule 6(b); which

gives the court a wide discretion to grant motions for enlargement of time when substantial interests of justice will be served by doing so. *See Osberg Const. Co. v. United States*, 3 Cl. Ct. 652, 655 (Cl. Ct., 1985), citing *Hoffman v. Kennedy*, 30 F.R.D. 50, 51 (E.D.Pa.1962); *Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp.*, 134 F.2d 1022 (2d Cir.1943). RCFC 6(b) has therefore been construed to accord with the injunctive mandate of RCFC 1, so as "to secure the just, speedy, and inexpensive determination of every action." 4 C. Wright and A. Miller, Federal Practice and Procedure § 1165 (1969); 2 Moore's Federal Practice ¶ 6.08 (1983); *Hoffman*, 30 F.R.D. at 52; *Schram v. O'Connor*, 2 F.R.D. 192, 194 (E.D.Mich.1941). Under these guidelines, the courts have looked to factors such as the existence of prejudice to the opposing party and bad faith on the part of the moving party as guideposts to the exercise of their discretionary powers. *United States v. Miller Brothers Construction Co.*, 505 F.2d 1031, 1035 (10th Cir.1974); *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir.1966).

While the court is entirely sympathetic to plaintiff's concerns, the court is of the opinion that more good than harm may come from allowing the government the time that it has requested. This allowance is made with the understanding that government counsel will follow through with the commitment that he made to move as expeditiously as possible and that he, in coordination with agency counsel, will utilize this time to closely examine the case to determine whether any or all of plaintiff's claims have merit and if this case may be subject to settlement by the parties.

Accordingly, it is hereby **ORDERED** that

(1) Defendant's motion, filed July 24, 2007 is **GRANTED**; and

(2) Defendant shall file a **RESPONSE** to plaintiff's complaint, on or before **September 28, 2007**. Defendant is reminded that absent extraordinary circumstances no further enlargements shall be granted on this matter.

s/Lynn J. Bush
LYNN J. BUSH
JUDGE